v. Barnes. Mr. Scott. Thank you, Your Honor. May it please the Court. The Court, as the Court is aware of this case, is a Johnson-related case that's on a Certificate of Appealability based on the filing of a 28 U.S.C. 2255 habeas petition. The grounds that the Court granted were whether post-conviction waiver in a plea agreement was barred or relieved under 2255 and whether, under the law set forth by Johnson, Barnes should be re-sentenced without applying the ACCA. Last week, the Court sent a letter to both counsel asking us to address the Leal case and whether or not it affects the statutory maximum challenge that was not barred in that case. And that is where I'd like to start. In the Leal case, Leal was sentenced pursuant to a plea agreement under two different cases. First, and then followed a pro se appeal within a time and fashion. The appeal waiver in that case said that if, you know, no appeal as long as it's within the statutory maximum and he gave it the right to appeal, his sentence and any collateral waiver or collateral consequences as such as 2255. The Court looked at both White and Kittle in that case to see that they couldn't . . . let me back up. In Leal, what he was . . . one of the things he was appealing was restitution under the Caroline case where there was no finding that he was a proximate cause for the harm that was caused by the person in that case. The Court found that that was in violation of the statutory maximum because there was no finding. And in looking at the White and Kittle cases, or appeal cases, I'm sorry, the Court found that even if there's an unconditional plea of guilty or a waiver of appeal provision in a plea agreement, this Court has the power to review the factual basis for the plea as established as an element of offense which the defendant pled guilty to. The distinction in the . . . I call it Leal, but whichever way we pronounce it, the distinction in that case is, as you said, that that was a case having to do with the statutory maximum. And in that case, the sentence was unlawful as exceeding the statutory maximum from the day it was issued, not because of some subsequent opinions, such as Johnson. So, I think it's important to address that decision, but I'm not sure it's applicable here. Well, Your Honor, Johnson made the, as the Court is aware, the residual clause found it void for vagueness. And within Welch, they allowed for it to be what Judge Smith was saying. I mean, clearly, this case is in excess of the maximum that he would receive today. Now, at the time that the sentence was imposed, it was not in excess of maximum. What difference . . . the guy is still serving 15 years, how much of it was, more than he would have served otherwise. What difference does it make that the sentence was legal at the time that it was imposed, if he's still serving his sentence, that exceeds the statutory maximum? What difference does it make that it was legal at the time that it was imposed? Your Honor, the differences made with Welch is making it retroactive in the Supreme Court finding that it was unconstitutional and void for vagueness, as void laws or vague laws are void. So, when they made it retroactive, it addressed his sentence, which was 15 years at sentencing in 2013. But your argument is that they made Johnson retroactive. Yes, Your Honor. And because they made Johnson retroactive, it made the sentence at issue in this case illegal at the time that it was imposed. It is, Your Honor. And so, we have to look at whether or not he should still be under that same regime. And looking at Leo or Layle, the Court found that this Court can look at appeal waivers to see if it's encompassed, the right that was waived is encompassed in the appeal waiver. And in Layle or Leo, it was found that it was not. The Court actually said that, faithfully implying, and they talk about Keogh, which is in court with at least seven other circuits, we find that Layle's statutory maximum challenge is not barred by his waiver of appeal. In this case, because Johnson was made retroactive by Welch, it is exceeding the statutory maximum if he is, his prior convictions are not crimes of violence or drug trafficking crimes. And so, that is our position as to that. As to whether or not he is eligible for retroactive application of ACCA, the government has argued that, well, back up, in the indictment that was handed down, the government put in four different crimes of violence. They are an attempted robbery in 1979, a burglar of a dwelling in 1979, a kidnapping in 1984, and a possession of precursors in 2006. In Canada, the court, possession of precursors is a drug trafficking crime. Our argument is that, even though the government knew they did not have to detail what crimes they were using, they chose to do that, and the Batchelder case from Supreme Court supports our position. In Batchelder, the Supreme Court says that the prosecution can determine which cases they choose and how they choose to go forward with the case. By limiting themselves to these four different crimes, alleged crimes of violence and drug, when drug trafficking crime, they limit themselves to these cases. And power is lent to that by the government's own argument that this court has said, some, I think, seven years prior, that these do not have to be limited. So, the government was certainly aware that they did not have to detail the cases in the indictment, but yet they did. So, it's our position that they were. Now, as I said, we would concede the possession of precursor. The kidnapping charge from 1984, I don't think there's any argument from the government that it is not a crime of violence. It can be done in secret under Florida statute. And in secret, there's a case called Robinson from the Florida statute. It's talked about in some of these other cases from 1984, where a man picked up a woman whose car had broken down. He took her to a place and raped her and was charged with kidnapping. The court said that's fine. No force is required. Burglary of a dwelling is a broad burglary of a dwelling that includes conveyances as well as buildings, outstructures, and things of that nature. So, that would not apply. The attempted robbery, and the government argues that robbery from Mr. Barnes, the attempted robbery from 1979, and they say, well, an alternative, even though we can't say for ourselves, we have also, as part of the same kidnapping, armed robbery. The attempted robbery and the armed robbery, quite honestly, were addressed in, of course, indulgence. Stokeling. In Stokeling, it was found that the, in Canada court, it was found that the robbery statute in that case was a crime of violence and fell under the elements clause. However, Stokeling analyzed a different Robinson case from the Florida Supreme Court that talked about a 1991 conviction, I'm sorry, a 1997 Florida conviction for Stokeling, and it cites Robinson v. State. And that case is 692 Southern 2nd, 883. It's a 1997 case that says that there has to be force at use. What is important, though, in Robinson, and what the Supreme Court skipped over, is that Robinson said, we need to get back to this scheme that we had before. Well, what was the scheme we had before? It was force. But before Robinson was decided, there was another case called, in Robinson's case, specifically overruled it, called Andre v. State. And it's from 1983, it's the same year that Mr. Barnes was arrested for the armed robbery kidnapping cases before him. And in that case, it said mere snatching from the hand of someone was enough force to rob someone. So that's the scheme that Mr. Barnes was convicted under. And so it was not until 1997, in the Robinson case, that the Supreme Court looked at that that was changed. Additionally, the Supreme Court even noted that in 1999, Florida came up with a new statute for, specifically for that snatching case, because Robinson had overruled it. The government also points to the aggravated battery in that case. The cases cited by the government predate Johnson. They are all Eleventh Circuit cases, no Fifth Circuit cases. Now, what are you telling us, that Stokeland is not, is not dispositive of this case with respect to armed robbery? Is that what you're saying? As to his specific armed robbery, it is not, Your Honor, because it's looking at a definition of armed robbery that postdates Mr. Barnes' armed robbery conviction. It's looking at a... What are you saying? He was not convicted under the same statute that the Supreme Court was addressing in Stokeland? It was the same statute, Your Honor, but Florida, but in Stokeland, the Supreme Court looked at Florida case law. And he looked at the, and they specifically looked at this Robinson case. But if you look at that Robinson case that they quote to, it overrules Andre v. State. Were you saying the Supreme Court was incorrect in saying that the Florida robbery statute is a statute of crime of violence? I think from the... Two issues with that, Your Honor. I think from the standpoint of Mr. Barnes' 1980, I think it's 3 or 84 conviction, it is 1984 conviction, how the statute is interpreted is different than when Robinson, until Robinson is decided in 1997. So you have a different interpretation by the Florida Supreme Court. Additionally, the Johnson... I'm asking you, though, whether Stokeland is dispositive of the question. You're saying the Supreme Court was wrong in the Stokeland case? I'm saying that, and you have to also look at the statute in which the robbery... Are you saying it was wrong in the Stokeland case? As to a 1984 conviction, yes, Your Honor, because it's interpreted... The Supreme Court was wrong to say that the statute is a crime of violence, conviction on the statute. I'm saying with the facts presented to the Supreme Court in the Stokeland case in the 1997 conviction of Stokeland, it was a different interpretation than what the interpretation was of the case. Additionally, we do not have... I would point out to the Court, we do not have the Shepard documents. The statute has been changed several times, so we don't honestly know if it's the same exact statute. We assume it is, but we don't know that for certain. Why don't you say what's the bottom line? The bottom line is under the Barnes armed robbery or robbery conviction in 1984, based on Florida law, the simple robbery, the snatching money out of hands without force, was not required. Okay, but I'm... And are you saying that the Supreme Court missed that? They did not bring it up, Your Honor. It's not in the opinion. So the Supreme Court... You're saying that the Supreme Court was in error to declare the statute as a crime of violence. I'm saying that as it interpreted the statute from Stokeland's 1997 conviction, they are correct in going forward, but I think if we look... And they didn't find Robinson? I'm sorry? You're saying the Supreme Court did not find or overlook Robinson? They cited the Robinson. Beg your pardon? They cited the Robinson, but within Robinson... They were wrong in its analysis of Robinson, or what? What are you saying? They skipped over it, Your Honor, and did not analyze what the prior discussion was in Andre versus State. Well, I still don't get what you're saying. I mean, is Stokeland correct or incorrect when it says that the Florida statute constitutes a crime of violence? Your Honor, in looking at... What I'm saying is, in looking at what Stokeland was charged with in his 1997 Florida... Well, that's what I'm asking. Your Honor, as the... You're saying we can fly by Stokeland like it wasn't even there. Your Honor, what I'm saying is, as interpreted from 1997, it is correct, and going forward it is correct, because that was the decision in Robinson. Robinson, I'm sorry, was decided in 19... Robinson was decided after Stokeland? I'm sorry? It's my fault. I'm not quite getting it, but it's my fault. Your Honor, I only have a minute left, but the other case that the government has brought up is the aggravated battery. In that case, all the cases cited by the government predate the Johnson case. They're all 11th Circuit cases, not 5th Circuit cases. As the government has pointed out, there's not a binding precedent. Although, I would note that the case, the contra case that the government notes, United States v. Tarver, calls into question the holding that aggravated battery within the 11th Circuit is still binding after Johnson discounts and others, and also cites to United States v. Golden, which is a cited case. Thank you. All right, you've saved time for your bow, Mr. Scott. Mr. Kennedy? May it please the Court, in this particular case, the facts show that this particular defendant, Barnes, did qualify, had the three qualifying felony predicates to qualify for application of the ACCA. As such, this court can affirm the district court's sentence without even relying on the waiver that's asserted by the government. In response to the Leal case that the court had referenced... Let me ask you before you leave that. So, the 2006 Mississippi conviction and the 84 Florida conviction, those two seem to be clearly there. The 79, the burglary, and the other. Which of the three you say, you know, absolutely are there? The first two for sure? Your Honor, first of all is the possession of precursors. Right. Which is not disputed by anyone. Right. Take that one on. And then there are three others that were available to Judge Bramlett at the time. One was the attempted robbery, and I believe even they have conceded that the law is against him on the attempted robbery. Now, the armed robbery and the aggravated battery occurred on the same day. So, the distinction there is we would have to pick one or the other since they occurred on the same day. So, basically Judge Bramlett had the possession of precursors not disputed, attempted robbery, and then he was free to choose either the aggravated battery or armed robbery. But it had to be one of those two since they occurred on the same day. That would give him the three underlying qualifying predicates for application of the ACCA. But, as the Court had mentioned about Leal, that is distinguishable from the case that we have here at Bar. Specifically in Leal, they reserve the right to contest any kind of sentence imposed in excess of the statutory maximum. In this particular case, there is no such carve-out. The only exception to the appellate waiver deals with his right to challenge ineffective assistance of counsel. So, in this particular case, the Court could also affirm the sentence based on the application of the waiver barring his right to appeal given the fact that his sentence is not unconstitutional as factually seen. I would just point out to the Court, as well, that as we had mentioned before, Barnes does concede precursors as a qualifying predicate. They also acknowledge that the attempted robbery at page 47, note 18 of their brief, they talk about the Geozo's case, if I'm pronouncing that properly, that the amount of force used is in conflict with the Eleventh Circuit's finding. That the Eleventh Circuit is clear that the attempted robbery is, in fact, a crime of violence. As to their arguments concerning the armed robbery or aggravated battery, they rely on the same use of force type argument that this Court has gone back and in Reyes Contreras had over-reeled Villegas-Hernandez and got out of that entire morass as trying to find out whether you could do it by use of a poison or some indirect mean. That is their argument. As we've shown also in our brief, in addition to the Rule 28J letter, the armed robbery and aggravated battery are clearly acknowledged as crimes of violence in Florida, in the state, and also in the Eleventh Circuit. Therefore, Judge Bramlett had all of this available to him and properly found that ACCA did apply and sentence the man to the statutory minimum, 15 years, but did not do anything to exceed the maximum. And since the fact supported is not unconstitutional, this Court can affirm on either the basis of applying the appellate waiver that he agreed to, which was knowing, voluntary, no dispute about that, or alternatively in finding that District Court Judge Bramlett properly found that he had the qualifying predicate of felonies to support it. Barring any questions, the government would stand on its brief. All right. Thank you, Mr. Kennedy. Mr. Scott for rebuttal. Your Honor, as to the layoff carve-out that counsel opposite spoke of in 18-60497.278 is the plea agreement that says, this agreement does not bond the court. It is further understood that the court and the courts of the principles of Rule 11, federal rules of criminal procedure, is not required to accept the recommendation of the U.S. Attorney, but may sentence defendants to the maximum fine and imprisonment as provided by law. So that contract that the government provided to Mr. Barnes specifically looks at a statutory maximum. In this case, what we argue is 10 years. Counsel opposite also talked about picking and choosing. As I've already stated, our position is that under Batchelder, the government can pick what they choose to charge. And they can limit themselves in accordance with the Batchelder. Counsel opposite says, basically, you've sort of conceded out of the list that they ought to read, which that's what I thought he said. So are you or are you not? Your Honor, I concede that there's one, and that would be the precursors. Quite honestly, the difficulty with Stoeckling is it is somewhat in conflict with the 2010 Johnson decision. Mr. Charlie asked you whether, I mean, it says what it says. I mean, I guess you're doing your best to try to do what you can with it. But as a good advocate, you have to. But I mean, it is what it is. So assuming you're wrong on that, and that's two. So what's the other disputable third one? Your Honor, our dispute is with how the government limited themselves in filing the indictment several years after this court.       I'm not saying you can't. I'm not saying you can't. I'm not saying you can't. I'm not saying you can't. Maybe you can now.      Yeah, well, let me be simple. You lose your precursor one, assuming you're wrong or your argument doesn't get traction on the one that Stonekling applied. So that's two. You're down, right? Yes, Your Honor. So I'm saying what's your best argument knocking out a third one? If we took the government as to where it says we can affirm based on Judge Brandman having three, you're out of the box, so to speak, on two. So what's your best argument on the remaining one, of that not being a third one? That's really all I'm asking. Well, Your Honor, the problem becomes in the 1979, there's the attempted robbery, and then in the 84, there's the robbery. Well, the attempted robbery, the 11th Circuit said it didn't include force. That is correct. Part of statute, which is in the 11th Circuit, the 11th Circuit interprets it. It says jackpot. So wasn't that good enough for us? As far as? I mean, I know it's the 11th Circuit, but they're interpreting a statute within Florida. I mean, as I read it, they interpreted the attempted robbery to be a crime of violence. And that's in the 28J letter that the government provided, Your Honor, in the Ochoa and the Lockley cases? Yes, Your Honor. I would point out that those . . . In both of those, our argument is the same as the government has stated as far as the concrete bodies with the Johnson 2010 case. The Lockley case has putting in fear per Florida law involves an act causing the victim to fear death or grave bodily harm. It is a similar argument that we have for aggravated battery in that that can be committed without doing the force required under Johnson 2010. And so that would be our argument as to why both the Ochoa and Lockley or Ronkley decided within the 11th Circuit. And so we'd argue that. Additionally, you know, we go back to the level of force required. As I said earlier, I understand what the Stokeland case says as to the 1997 conviction for Stokeland. But for Mr. Barnes, it was a different scheme. In all candor of the court, Barnes was indicted in 1983, convicted in 1984. The statute has changed. I'm not sure how it changed. It may be exactly the same. It certainly was interpreted differently prior to 1997 in the Robinson case that Stokeland has noted. Your Honor, to say that I'm about out of time, I would ask for the reasons argued in our brief as well as here today that Mr. Barnes be granted the relief he is seeking. Thank you, Mr. Scott. Your case is under submission. Thank you. That's the case for today.